UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE MARTINEZ, | ) | 1:10-cv—02305-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| | ) | THE PETITION (DOCS. 12, 1) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| WARDEN J. HARTLEY, | ) | DISMISS THE PETITION WITHOUT |
| | ) | LEAVE TO AMEND (DOC. 1), |
| Respondent. | ) | DECLINE TO ISSUE A CERTIFICATE OF |
| | ) | APPEALABILITY, AND DIRECT THE |
| | ) | CLERK TO CLOSE THE CASE |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on February 15, 2011. Petitioner filed an opposition to the motion on March 4, 2011. No reply was filed.

I. Background

Petitioner alleged that he was an inmate of the Avenal State Prison at Avenal, California, serving a sentence of seventeen (17) years to life imposed by the Los Angeles County Superior

1

1   Court upon Petitioner's conviction in 1987 of second degree
2   murder with use of a gun.  (Pet. 1.)
3       Petitioner challenges the constitutionality of the
4   governor's rescission on March 17, 2009, of the previous decision
5   of the California Board of Parole Hearings (BPH) granting parole
6   to Petitioner on October 29, 2008.  (Pet. 18-19.)  Petitioner
7   argues that because there was no evidence in the record to
8   support the governor's conclusion that Petitioner was a current
9   danger if released, Petitioner suffered a violation of his rights
10  to due process of law pursuant to the Fourteenth Amendment as
11  well as the California Constitution.  (Pet. 6.)  Petitioner also
12  relies on California statutes, regulations, and case law
13  concerning the determination of suitability for parole and
14  application of the "some evidence" rule at parole hearings.  (Id.
15  at 22-44.)  Petitioner argues that the evidence of his
16  rehabilitation and other suitability factors supported a grant of
17  parole, and that continued reliance on unchanging factors to deny
18  parole deprived him of due process of law.  Petitioner also
19  challenges the decisions of the California appellate courts
20  denying Petitioner habeas relief.  (Id. at 7, 39-44.)
21      It is clear from the allegations in the petition that
22  Petitioner attended the hearing before the BPH (pet. 18:16-18),
23  had an opportunity to be heard (id. at 18:17-20; 19:1-5), and
24  received a statement of reasons for the decisions of both the BPH
25  and the governor (id. at 18:21-27; 20:10-27; 21:1-7).
26      II.  Failure to State a Cognizable Due Process Claim
27      Because the petition was filed after April 24, 1996, the
28  effective date of the Antiterrorism and Effective Death Penalty

2

Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

3

Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  Id. at 862-63.

Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner seeks to have this Court review the application of the "some evidence" standard and the sufficiency of the evidence presented at the parole hearing.

4

1  Petitioner does not state facts that point to a real possibility
2  of constitutional error or that otherwise would entitle
3  Petitioner to habeas relief because California's "some evidence"
4  requirement is not a substantive federal requirement. Review of
5  the record for "some evidence" to support the parole authorities'
6  denial of parole is not within the scope of this Court's habeas
7  review under 28 U.S.C. § 2254.

8  Petitioner cites state law concerning the appropriate
9  application of the "some evidence" requirement. To the extent
10 that Petitioner's claim or claims rest on state law, they are not
11 cognizable on federal habeas corpus. Federal habeas relief is
12 not available to retry a state issue that does not rise to the
13 level of a federal constitutional violation. Wilson v. Corcoran,
14 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502
15 U.S. 62, 67-68 (1991). Alleged errors in the application of
16 state law are not cognizable in federal habeas corpus. Souch v.
17 Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

18 Because Petitioner has not established a violation by the
19 parole authorities of his rights under the Fourteenth Amendment,
20 the decisions of the state courts upholding the governor's
21 decision could not have resulted in either 1) a decision that was
22 contrary to, or involved an unreasonable application of, clearly
23 established federal law, as determined by the Supreme Court of
24 the United States; or 2) a decision that was based on an
25 unreasonable determination of the facts in light of the evidence
26 presented in the state court proceedings. Thus, Petitioner has
27 failed to state facts concerning the state court decisions that
28 would entitle him to relief in this proceeding. See, 28 U.S.C.

§ 2254(d). Therefore, Petitioner's due process claim with respect to the state court decisions should likewise be dismissed.

In summary, the Court concludes that Petitioner has failed to state a due process claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decisions of the BPH and the governor. Thus, Petitioner's own allegations establish that he had an opportunity to be heard and a statement of reasons for the decisions in question. It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, it will be recommended that the motion to dismiss the petition be granted, and the petition be dismissed without leave to amend.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial

6

1  of a constitutional right.  § 2253(c)(2).  Under this standard, a
2  petitioner must show that reasonable jurists could debate whether
3  the petition should have been resolved in a different manner or
4  that the issues presented were adequate to deserve encouragement
5  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
6  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
7  certificate should issue if the Petitioner shows that jurists of
8  reason would find it debatable whether the petition states a
9  valid claim of the denial of a constitutional right and that
10 jurists of reason would find it debatable whether the district
11 court was correct in any procedural ruling.  Slack v. McDaniel,
12 529 U.S. 473, 483-84 (2000).

13      In determining this issue, a court conducts an overview of
14 the claims in the habeas petition, generally assesses their
15 merits, and determines whether the resolution was debatable among
16 jurists of reason or wrong.  Id.  It is necessary for an
17 applicant to show more than an absence of frivolity or the
18 existence of mere good faith; however, it is not necessary for an
19 applicant to show that the appeal will succeed.  Miller-El v.
20 Cockrell, 537 U.S. at 338.

21     A district court must issue or deny a certificate of
22 appealability when it enters a final order adverse to the
23 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

24      Here, it does not appear that reasonable jurists could
25 debate whether the petition should have been resolved in a
26 different manner.  Petitioner has not made a substantial showing
27 of the denial of a constitutional right.  Therefore, it will be
28 recommended that the Court decline to issue a certificate of

appealability.

IV.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  Respondent's motion to dismiss the petition be GRANTED; and

2)  The petition be DISMISSED without leave to amend; and

3)  The Court DECLINE to issue a certificate of appeal; and

4)  The Clerk be DIRECTED to close the case because an order of dismissal would terminate the case in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 13, 2011                      /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE